```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


THOMAS EDWARD HUMPHREY,           )
                                  )
        Plaintiff,                )
                                  )    Civil Action
        v.                        )    No. 24-10331-PBS
                                  )
DOUGLAS PROSECUTING ATTORNEY,     )
                                  )
        Defendant.                )
```

## ORDER

April 10, 2024

SARIS, D.J.

Plaintiff, who resides in Boston, Massachusetts, filed his self-prepared complaint asserting claims arising out his 2021 arrest in Ava, Missouri. Named as defendant is a county prosecutor in Missouri. For the following reasons, Court will direct plaintiff to show cause why this action ought not be transferred to the Western District of Missouri.

## DISCUSSION

Under 28 U.S.C. § 1391(b) a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which

any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. See 28 U.S.C. § 1391(c)(1), (2).

Here, plaintiff sues a prosecutor located in Ava, Missouri. Venue does not appear to be proper in this court under Section 1391(b)(1), because nothing suggests that the defendant resides in Massachusetts, where this district is located. Venue may be proper in this court under Section 1391(b)(2), but only if a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district. Plaintiff does not allege such facts. Rather, his allegations suggest that the events giving rise to his claims occurred in Missouri. Therefore, it appears that venue under both Sections 1391(b)(1) and 1391(b)(2) is proper in the Western District of Missouri.

Even if this court is a proper venue, the Court may transfer the case to any other court whether it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

**CONCLUSION**

For the foregoing reasons, plaintiff shall, **by April 24, 2024,** show cause why this action ought not be transferred to the Western District of Missouri.  Failure to comply with this Order will likely result in dismissal of this action.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE